UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE CHIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. :2:14-cr-135-FtM-38MRM-1
Case No.: 2:19-cv-815-FtM-38MRM

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Leslie Chin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 1; Cr-Doc. 299) and Memorandum of Law in Support (Doc. 2; Cr-Doc. 301).[2] The Government opposes the Motion (Doc. 11), to which Chin replied (Doc. 13). The Court denies the Motion.

## BACKGROUND

A federal grand jury indicted Chin and two codefendants. (Cr-Doc. 1). Count 1 charged Chin with conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, 28 or more grams of cocaine base, and a detectable amount of marijuana. Count 2 charged him with possessing with intent to distribute a detectable amount of cocaine. Chin pled not guilty and went to trial. (Cr-Doc. 29). The jury returned a guilty verdict on Count 2 in its entirety. (Cr-Doc. 182). As for Count 1, it only found Chin guilty on the first

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court refers to filings in this action as "Doc." and to filings in the underlying criminal case (No. 2:14-cr-21-FtM-38MRM) as "Cr-Doc."

1

object of conspiracy to possess with intent to distribute 5 or more kilograms of cocaine. The jury found Chin not guilty on the second and third objects of conspiracy to possess and distribute cocaine base and marijuana.

Later, the Court sentenced Chin to 188 months imprisonment for both counts to run concurrently, but not coterminous, with his three state sentences.  (Cr-Doc. 220). Chin appealed, and the Eleventh Circuit affirmed.  *United States v. Chin*, 736 F. App'x 785 (11th Cir. 2018).  Now, under § 2255, Chin moves to vacate his sentence.  (Doc. 1; Cr-Doc. 299).  As exhibits, Chin provided two letters from his lawyer, a partial transcript from his sentencing hearing, and a DEA report.  (Docs. 3-1; 3-2; 3-3; 13-1).

## TIMELINESS

A habeas petition may not be filed more than one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  Chin's conviction became final on December 10, 2018. *Chin v. United States*, 139 S. Ct. 652 (2018).  He had one year to file a § 2255 motion, and he did so with nearly a month to spare.  So like the Government concedes, Chin's Motion is timely.  (Doc. 11 at 3).

## EVIDENTIARY HEARING

A district court must hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir 2017) (quoting *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)).  But "a district court is not required to hold an evidentiary hearing where the petitioner's allegations are

2

affirmatively contradicted by the record, or the claims are patently frivolous." *Aron*, 291 F.3d at 715 (citation omitted).  Not all claims of ineffective assistance of counsel warrant an evidentiary hearing.  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) ("An evidentiary hearing is not required whenever a petitioner asserts a claim of ineffective assistance under section 2255.").  To merit an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must allege specific facts that would show *both* (1) that counsel performed deficiently and (2) this deficient performance prejudiced the petitioner.  See *Griffith*, 871 F.3d at 1329.

The Court finds that Chin's claims are refuted by the record.  Chin attaches the evidence upon which he relies.  Because there is not a dispute as to what advice counsel gave, just Chin's mischaracterization of the advice, the Court finds an evidentiary hearing is unnecessary.

## LEGAL STANDARD

The grounds for collateral attack on final judgments under § 2255 are limited.  A prisoner only may have relief under § 2255 if the court imposed a sentence that (1) violated "the Constitution or laws of the United States"; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A motion to vacate under § 2255 is not a substitute for direct appeal.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Id.* (citations omitted).

The Sixth Amendment recognizes that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation omitted). Ineffective assistance of counsel claims are appropriately raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503 (2003). For a defendant to prevail on a constitutional claim of ineffective assistance, the defendant must make two showings: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687. Notably, "a court need not address both prongs if the defendant has made an insufficient showing on one." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

To satisfy the first prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (footnote and citations omitted). The second prong is only met if the defendant can show that, but for counsel's deficient performance, defendant would have received a different outcome. *Strickland*, 466 U.S. at 694. This prong has its limits. A court cannot rely solely on an outcome determination regarding the prejudice prong because doing so could "grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). Instead, a defendant must show "that counsel's errors were so serious to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a *Strickland* claim, a court

4

need not address both *Strickland* prongs if the petitioner fails to satisfy either of them."
*Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

## DISCUSSION

In Ground One, Chin alleges that his lawyer rendered constitutionally ineffective assistance by giving Chin "misleading and erroneous advice regarding the time he faced if he pled guilty." (Doc. 2 at 2). In Ground Two, Chin argues his counsel was unconstitutionally ineffective for "allowing two levels to be added for a state conviction that was a part of the instant federal conspiracy offense." (Doc. 2 at 8). Both counts argue that such errors made by his counsel resulted in a higher guideline sentencing calculation, and ultimately subjected Chin to a greater sentence. The Government opposes any relief.

**A. Ground One**

The crux of Chin's ineffective assistance claim rests on a letter counsel sent Chin analyzing his case (including a proposed plea agreement) and related sentencing. (Doc. 3-2). The letter Chin provides is incomplete. Specifically, Chin provides a three-page excerpt of what appears to be an eleven-page correspondence. The Court cannot find counsel deficient when Chin fails to provide the bulk of the advice he is challenging. Chin also fails to provide the Government's proposed plea agreement. While the Court cannot determine its exact contents, the letter from counsel indicates the offer was for Chin to plead to the entirety of Count 1 of the Indictment.

But the Court concludes counsel was not deficient based on Chin's mischaracterization of the advice. Like the Government argues, Chin confuses the sentencing guidelines with the maximum statutory penalty he faced. In the excerpt of the

5

letter Chin provides, counsel advised Chin he faced several decades or more in prison even if he pled guilty. This was an accurate statement of the law. Chin faced a potential life sentence for Count 1. To be sure, the ultimate sentencing guidelines were for less than life. But those guidelines are merely advisory, so the Court could have imposed any sentence up to life as set forth in the statute. And the language Chin specifically points at accurately discloses the permissible, decades-long sentence for Count 1. Although Chin contends counsel misled him as to the probable sentencing guideline that would apply, he failed to provide the bulk of the letter (which appears to have addressed counsel's guideline estimate). Thus, neither the letter nor anything else in the record addresses counsel's advice on the sentencing guidelines. Further, Chin's ultimate sentencing guidelines did not include the charges acquitted at trial, which Chin would have pled guilty to under a plea agreement. By proceeding to trial, Chin won an acquittal on the additional crimes in Count 1 related to cocaine base (i.e., crack) and marijuana. For those reasons, the Court concludes counsel was not deficient.

Alternatively, the Court concludes Chin cannot demonstrate prejudice. When—like here—a party challenges counsel's performance surrounding a not-guilty plea, the movant "must show that there is a reasonable probability that, but for counsel's errors he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (alterations accepted) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Eleventh Circuit rejects such claims when a movant offers "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991). It explained, a movant's "after the fact testimony concerning his desire to plead, without more, is

6

insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." *Id.* To establish prejudice,

> a defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Osley*, 751 F.3d at 1222 (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

Chin contends counsel misrepresented the time Chin could expect to face if he pled guilty. Specifically, counsel advised Chin if he did "not wish to cooperate" there was "little reason for [Chin] to plead guilty unless [he] was willing to accept several decades and potentially more in federal prison." (Doc. 3-2 at 3). As the argument goes, this persuaded Chin to take his attorney's advice and plead not guilty.

The final pre-sentence investigation report ("PSR") allocated a total offense level of 32 and criminal history category of V. (Cr-Doc. 214 at 27). This translated to a sentencing range of 188-235 months. Chin argues his guideline sentencing range would have been lower if counsel advised him that a timely guilty plea could reduce his overall offense level by three levels. With an acceptance of responsibility reduction, Chin contends his guideline range would have been 140-175 months, which is less than the 188 months Chin received. Yet such an outcome would only be possible if Chin received all three level reductions in U.S.S.G. § 3E1.1.

A court may decrease an offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility of his offense." U.S.S.G. § 3E1.1(a).

Defendants who plead guilty are not automatically entitled to a reduction under this section as a matter of right. U.S.S.G. § 3E1.1, cmt. n.3. Sometimes, a district court may deny a defendant an acceptance of responsibility reduction despite a confession and guilty plea. *See United States v. Spraggins*, 868 F.2d 1541 (11th Cir. 1989) (finding that the defendant's untimely and incomplete admission warranted full denial of a § 3E1.1 reduction); *United States v. Knight*, 562 F.3d 1314, 1328 (11th Cir. 2009).

Even if Chin received a two-level reduction under § 3E1.1(a), without the additional § 3E1.1(b) reduction Chin would still have been subjected to the possibility of 188 months imprisonment. With a criminal history category of V and a base offense level of 32, a two-level reduction would have exposed Chin to a guideline range of 151-188 months. So Chin's sentence was still within that guideline range. And Chin fails to show "a reasonable probability" that the sentence under a plea "would have been less severe than" the sentence he received. *See Osley*, 751 F.3d at 1226 (quoting *Lafler*, 566 U.S. at 164).

Without analysis, Chin argues he could have another one-level reduction if he pled guilty. But § 3E1.1(b) clarifies he was not entitled to it. To get that extra level, the Government must make a motion,

> stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

U.S.S.G. § 3E1.1(b).

There is no reason to believe Chin would have received the additional one-level reduction. This reduction "may only be granted upon a formal motion by the Government." *United States v. Joseph*, 559 F. App'x 928, 929-30 (11th Cir. 2014) (quoting U.S.S.G. § 3E1.1(b), cmt. n.6). The record indicates that Chin did not want to cooperate when

8

counsel offered him the challenged advice. (Doc. 3-2 at 3 ("I understand at this point you do not wish to cooperate.")). If Chin did not cooperate, then the Government likely would not have made a § 3E1.1(b) motion. That was the exact advice counsel provided. (Doc. 3-2 at 2 ("I see no benefit to agreeing to the plea agreement *unless you wish to cooperate*." (emphasis added))).

*United States v. Wade* is instructive. 458 F.3d 1273 (11th Cir. 2006). There, the Eleventh Circuit vacated a defendant's sentence to allow for a two-level acceptance of responsibility reduction but refused to grant the extra level. *Id.* at 1282. In doing so, *Wade* explained § 3E1.1(b) means what it says, and the reduction can only be granted "on formal motion by the government." *Id.* Because the Government never made the motion, the defendant could not have the reduction. *Id.* Other cases within this Circuit concur. See *United States v. Rodriguez*, 762 Fed. Appx. 938, 943 (11th Cir. 2019) (denying the defendant a one-point reduction to his offense level under § 3E1.1(b) absent a government motion); *United States v. Stephens*, 387 F. App'x 943, 944-45 (11th Cir. 2010) (explaining a court cannot grant the reduction without the Government's motion); *United States v. Hill*, 992 F. Supp. 2d 1266, 1275-76 (N.D. Ga. Jan. 16. 2014) (rejecting a § 2255 because movant failed show a reasonable probability that the Government would have made a motion); *Cintora-Gonzalez v. United States*, No. 1:15-CV-2349-ODE-RGV, 2015 U.S. Dist. LEXIS 171847, at *11 (N.D. Ga., Nov. 23, 2015) (same), *report & recommendation adopted*, 2015 U.S. Dist. LEXIS 171684 (Dec. 23, 2015).

Thus, there was no guarantee Chin would have received a third-level reduction. So Chin is mistaken that a guilty plea would have automatically put his sentence outside

9

the guideline range. Because Chin bases Ground One on that flawed premise, he has not shown prejudice. *See Osley*, 751 F.3d at 1226.

Finally, Chin does not show a reasonable probability he would have accepted the plea. When counsel offered the advice, Chin did not want to cooperate with the Government. (Doc. 3-2 at 3). Now, Chin contends that he "would've plead guilty instead of going to trial." (Doc. 13 at 4). Yet Chin maintained his innocence at trial and even afterward through sentencing. Chin "object[ed] to the facts outlined in the [PSR] and maintain[ed] his innocence." (Cr-Doc. 214 at 31). He continued, contending "the government's proof was insufficient to prove [Chin's] involvement and insist[ing] the Offense Conduct is inaccurate in detailing his involvement in the conspiracy." (Cr-Doc. 214 at 31). While this is not dispositive on whether Chin would have accepted the plea, it is undoubtedly relevant. *Osley*, 751 F.3d at 1224-25. And Chin's after-the-fact contention he would have accepted the plea—with nothing more—cannot satisfy his burden. *E.g.*, *Diaz*, 930 F.2d at 835; *Coulter*, 60 F.3d at 1504; *Bello v. United States*, No. 1:14-cv-607-WSD, 2016 WL 8668490, at *5-6 (N.D. Ga. Oct. 14, 2016). Because Chin has not shown a reasonable probability he would have accepted the plea absent ineffective assistance, he has not established prejudice. *Osley*, 751 F.3d at 1224-25.

The Court, therefore, denies Chin's Motion on Ground One.

**B.  Ground Two**

Next, Chin contends counsel rendered unconstitutionally ineffective assistance for "allowing two levels to be added for a state conviction that was a part of the instant federal conspiracy offense." (Doc. 2 at 8). In August 2011, Chin was arrested for possession of marijuana under 20 grams and use or possession of drug paraphernalia. (Cr-Doc. 214

10

at 18). In February 2013, he pled no contest before being adjudicated guilty and sentenced to six months in jail. Chin argues this was relevant conduct to the conspiracy, so it should have been considered part of the offense and not criminal history.

Chin says counsel's failure to object resulted in an increase in his criminal history point computation from 8 to 10. Assuming his offense level remained at 32, this two-level increase bumped him from a criminal history category of IV to V and subjected him to a higher guideline range.

To start, Chin primarily challenges his sentencing guideline calculation. And a § 2255 is not the proper vehicle to bring a freestanding claim for guideline miscalculations because such claims do not typically render the movant's detention unlawful. *Spencer v. United States*, 773 F.3d 1132, 1144 (11th Cir. 2014). As the Eleventh Circuit explained at length, Chin must meet "the demanding standard that a sentencing error resulted in a complete miscarriage of justice," which he has not done here. *Id.* at 1139. So Ground 2 fails right off the bat.

Even on the merits, Chin's claim falters all the same. The Guidelines consider "relevant conduct" when calculating a defendant's base offense level and guideline range. Relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The background comments specify that for "a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, cmt.

11

In *United States v. Maxwell*, a defendant was convicted of conspiring to possess with intent to distribute dilaudid, as well as one count for distributing less than one ounce of cocaine. 34 F.3d 1006, 1007 (11th Cir. 1994). Besides the drug quantities involved in the dilaudid conspiracy, the district court also included extrinsic offense evidence that defendant sold 546 grams of cocaine for which he had not been charged. *Id.* at 1010. The cocaine sale occurred near the timeframe of the dilaudid conspiracy. *Id.* at 1007-08. And a district court reasoned the uncharged cocaine quantity was "relevant conduct" under U.S.S.G. § 1B1.3, increasing the base offense level from 18 to 26. *Id.* The Eleventh Circuit reversed. It considered the "similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct," holding the uncharged cocaine offense was not relevant conduct to the separate dilaudid conspiracy. *Id.* at 1010-11. Specifically, *Maxwell* reasoned the buyer of the 546 grams of cocaine was not involved in the dilaudid conspiracy, more than a year had passed between the 546 grams of cocaine sale and the sale of the small quantity of cocaine involved in the conspiracy, and there were no "distinctive similarities" between the dilaudid and cocaine distribution schemes. *Id.*

The same is true here. Relying on § 1B1.3(a), Chin says his 2013 marijuana conviction should have been included with his federal conspiracy offense level because it was "part of the same course of conduct [and a] common scheme or plan as his instant conspiracy offense." (Doc. 2 at 11). Not so. As the Government notes, Chin's claim solely rests on the fact that his state marijuana offense occurred within the timeframe of his federal cocaine conspiracy conviction. (Doc. 11 at 6). Chin entered the conspiracy in late 2010 or early 2011. (Cr-Doc. 214 at 13). And his arrest for marijuana possession

12

occurred in August 2011. (Cr-Doc. 214 at 18). So Chin's arrest for marijuana possession occurred within a month of his arrest for possession of cocaine (Count 2 of the Indictment) and during the cocaine conspiracy (Count 1). However, these general timeframes alone cannot establish that the marijuana offense was part of the same conduct as the cocaine conspiracy conviction. Put another way, it would have been error to consider the marijuana arrest and conviction as relevant conduct to the convicted cocaine conspiracy.

Like *Maxwell*, the cocaine distribution scheme and extrinsic marijuana offense involved none of the same parties except Chin. Chin was arrested for a possessing a small baggie of marijuana, while with a man named Jonathan Bacchus. (Cr-Doc. 214 at 18). In the PSR's ten-page description of the conspiracy, it never mentions Bacchus. Further, there is no indication Chin's marijuana possession shared any distinctive similarities to the cocaine conspiracy. As *Maxwell* noted, when "two offenses appear to be isolated, unrelated events that happen only to be similar in kind . . . [w]e do not think that two offenses constitute a single course of conduct simply because they both involve drug distribution." *Maxwell*, 34 F.3d at 1011. Here, nothing supports Chin's conclusory argument the marijuana offense is related to his case here. The substances are not only different, the 2013 conviction was for simple possession of marijuana and paraphernalia—not distribution. These offenses are hardly "similar in kind."

A recent case is helpful. In *United States v. Whitsett*, the Eleventh Circuit held a district court erred in considering a separate drug offense as "relevant conduct" to the count of conviction. 802 F. App'x 526, 533 (11th Cir. 2020). *Whitsett* explained the separate offenses were not "substantially connected" to one another as "part of a common scheme or plan." *Id.* at 531-33. In part, the Eleventh Circuit reasoned that mere

13

possession of drugs and paraphernalia alone does not suggest an intent to distribute. *Id. at 533*. The same reasoning applies here.

Also, § 1B1.3(a)(1)(A) defeats Chin's argument. This section specifies relevant conduct must occur during, in preparation for, or while attempting to avoid responsibility for "*the offense of conviction.*" U.S.S.G. § 1B1.3(a) (emphasis added). The offense of conviction here is conspiracy to possess with intent to distribute five or more kilograms of cocaine. (Cr-Doc. 220). The Government indicted Chin for conspiracy to possess with intent to distribute a detectible amount of marijuana. Yet the jury found Chin not guilty on this object of the conspiracy, and he was acquitted. (Cr-Doc. 182). While Chin points out relevant conduct can include "both uncharged and acquitted conduct," he confuses this expression to mean that acquitted conduct must be relevant conduct. *See United States v. Villanueva-Naranjo*, 276 F. App'x 955, 959 (11th Cir. 2008). But that's not the case. Perhaps the 2013 marijuana conviction was relevant conduct to the acquitted charge of a marijuana conspiracy. Yet it is not per se relevant to the charge of which Chin was convicted—conspiracy to possess with intent to distribute cocaine.

Put simply, Chin did not meet his burden to demonstrate the 2013 marijuana conviction was relevant conduct to the cocaine conspiracy. So counsel was not ineffective for not objecting to the state conviction's inclusion in Chin's criminal history rather than his base offense level. Because Chin did not show deficiency or prejudice, the Court denies Chin's Motion on Ground Two.

Accordingly, it is now **ORDERED**:

(1) Petitioner Leslie Chin's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence (Doc. 1; Cr-Doc. 299) is **DENIED**.

(2) The Clerk is **DIRECTED** to enter judgment, terminate any pending motions, and close the file.

(3) The Clerk is **DIRECTED** to file a copy of this Opinion and Order in the related criminal case (*United States v. Chin*, 2:14-cr-135-SPC-MRM-1).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Chin may not have a certificate of appealability ("COA"). A prisoner seeking to appeal a district court's order denying his § 2255 motion has no absolute entitlement to appeal. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Chin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations omitted). Upon review of the record, the Court finds that Petitioner has not made the requisite showing. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Finally, because Chin may not have a COA, he may not appeal in forma pauperis.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record